UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PATRICK INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 3:05cv0616 AS |
| ) | |
| ADCO PRODUCTS, INC., ) | |
| ) | |
| Defendant ) | |

*MEMORANDUM, OPINION AND ORDER*

This court held open court proceedings on August 24, 2006 in South Bend, Indiana in order to be better educated on the pending motion by the defendant for summary judgment under Rule 56, Federal Rules of Civil Procedure (Fed. R.Civ.P.).

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of

law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55. Applying the above standard, this Court addresses defendants' motion.

This is basically a products liability case under Indiana law with only claims for economic damages rather than personal injury damages. In some ways it has the feel of a commercial code or sales case. At some level it may just be a straightforward contract

2

dispute. There is one thing that is certain. There was an assertion by Patrick of a so-called material misrepresentation claim which was the subject of a stipulation to dismiss with prejudice entered on or about January 18, 2006. The product involves the sale of a Caulk product RV 2000 II from ADCO to Patrick. Here, Patrick apparently bottomed its claims on breaches of express and implied warranties, alleging that the Caulk failed to perform as a "weather-tight sealant," claiming economic damages that Patrick suffered from its customers. Quite candidly, it seems that when the case gets beyond these generalizations, a wide array of nit-picking seems to set in. AlliedSignal is asserted to be a predecessor in interest to ADCO, and that does not appear to be disputed. One issue that can be sorted out and addressed appears to be a paragraph in the warranty which reads as follows:

> Any and all claims that a product is defective must be made in writing within thirty (30) days after discovery of the defect and in no event more than one (1) year after the original shipment of the product by us. Failure to timely notify us of any claim constitutes an irrevocable waiver of such claim regardless of the circumstances. This warranty is the user's sole remedy and is in lieu of any and all other warranties expressed or implied, including, but not limited to, any implied warranty of merchantability or fitness for a particular purpose.

So this court will take the trouble to deal with that particular slice of the statute of limitations problem. Another seemingly related issue appears to have to do with so-called disclaimer. This court will deal with the statute of limitations issue and then attempt to wade into the disclaimer one. Generally, Indiana law applies to the substantive issues here and that does not appear to be disputed. The Indiana statute of limitations is generally found in IC

3

26-1-2-725(1) which provides:

> An action for breach of any contract for sale must be commenced within four (4) yeas after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year, but may not extend it.

It is further provided in 26-1-2-725(2) as follows:

> A cause of action accrues when the breach occurs, regardless of aggrieved knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered.

The complaint here was filed on September 7, 2005. *See Court v. Snyder*, 28 Ind. App. 440, 28 N.E. 718 (1891). This court is in agreement with the defendant that the four-year statute of limitations in IC 26-1-2-725(1) would foreclose claims that accrued before September 7, 2001. With very great reluctance, this court is constrained to apply the one-year deadline provided for in the express warranty form as above quoted, believing that such is authorized by the law of Indiana. Under the discovery language in the aforesaid express warranty, the plaintiffs may be able to demonstrate to this court that a factual issue remains as to issues of discovery as it applies to any one-year statute of limitations. The plaintiffs must make a preliminary showing with great specificity as to what, if any, claims of the plaintiffs can survive this analysis.

This court, this circuit and the courts of Indiana have wrestled with the problem of

4

proper applicability of the statute of limitations in IC 26-1-2-725 (1). In this case, it is necessary to work through in a careful way the implications of both IC 26--1-2-7725(1) and (2). In *Horn v. A.O. Smith Corp.*, 50 F.3d 1365 (7th Cir. 1995), an appeal from the Fort Wayne division of this court, a panel of the Court of Appeals at page 1378 stated:

> Plaintiffs also have asked that we review the dismissal of their breach of contract claims under Indiana's four-year statute of limitations. See Ind. Code § 26-1-2-725(1). Although they concede that these causes of action accrued when the silos were delivered to their farms (see Ind. Code § 26-1-2-725(2) ("A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach")), they contend that the limitations period was tolled by AOSHPI's fraudulent concealment of their claims. See Ind. Code § 26-1-2-725(4) (tolling rules apply to contract claims).
>
> It should be clear from what we have said above that the claims of the Horns, Timmermans, and Schwietermans cannot survive the shorter limitations period applicable to breach of a contract for sale under Indiana law. We also cannot agree that the doctrine of fraudulent concealment can be used by these plaintiffs to toll the limitations period. We believe, however, that the contract claims of the Dues and Links should proceed to trial along with their fraud claims so that a jury can determine whether the dealer's responses to the various complaints of these plaintiffs tolled the limitations period. See Fager, 610 N.E. 2d at 253 n. 5 (factual issues relating to fraudulent concealment doctrine may be determined by jury at trial); see also Hines, 880 F.2d at 999 ("… normally in a statute of limitations context, fraudulent concealment and a plaintiff's due diligence are questions of fact unsuited for summary judgment.").

To be sure, the factual setting of *Horn* is somewhat different. A careful examination of the papers and arguments in this case would seem to eliminate fraudulent concealment as a possible here. Both sides seem to be arguing that at the very least the four-year statute of

5

limitations in IC 26-1-2-725(1) would apply, and this court agrees.  There seems to be some slight but not precisely explicit argument about the possible application of the one-year provision in IC 26-1-2-725(1).  The plaintiff here argues that the one-year provision does not reduce the four-year statute of limitations to one year.  Instead, the plaintiff argues that the one-year provision requires Patrick to give ADCO notice of a claim within one year.  The argument continues that the one-year provision makes no mention of the time to file a lawsuit, and as a result, the four-year statute of limitations in Section IC 26-1-2-725(1) applies.  This argument may be too strict an interpretation of the one-year provision, but in the interest of resolving the appropriate doubts in favor of the plaintiff, that will be the approach here.  That statute of limitations is also subject to the so-called discovery rule that runs through a great deal of the civil statute of limitations law in Indiana.  To be candid, it does not appear as a general proposition that this plaintiff can claim some species of tolling of this particular statute of limitations. *See Olcott Intern v. Micro Data Base Systems, Inc.*, 793 N.E. 2d 1063 (Ind. App. 2003), trans. den. 698 N. E. 2d 1188.  In any event, this plaintiff has not sustained the burden as to fraudulent concealment as enunciated in *Olcott*. *See also Ludwig v. Ford Motor Co.*, 510 N.E. 2d 691 (Ind. App. 1987), *rehearing and transfer denied*.  However, it does remain fundamental that the burden of proof with regard to the issue of statute of limitations is on the party asserting that defense. *See Ferdinand Furniture Co., Inc. v. Anderson*, 399 N.E. 2d 799 (Ind. App. 1980).  There appears to be also some effort to drag into this record an issue regarding so-called future performance.  This

6

court dealt with the same in *Tolen v. A.H. Robbins Co. Inc.*, 570 F.Supp. 1146 (N.D. Ind. 1983). The Supreme Court of Indiana appears to have waded into that controversy recently in *Reheem Mfg. Co. v. Fhelps Heating and Air Conditioning*, 746 N.E. 2d 941 (Ind. 2001). This plaintiff may be able to wiggle out of an application of the statute of limitations, but will be required to make a detailed preliminary showing that such an issue might be submittable to the jury. This court does not conceive that the so-called unconscionable contract or clause as envisioned in Indiana Code 26-1-2-302 has a play here , but to those claims that survive the applicable four-year statute of limitation, there may well be a jury issue as to proximate causation.

There is one issue upon which the court agrees with the plaintiffs. It has to do with disclaimers of warranties. As discussed with counsel in the August 24, 2006 proceeding, this court is very aware of *Woodruff v. Clark County Farm Bureau Co. Assn.,* 153 Ind. App. 31, 286 N.E. 2d 188 (Ind. App. 1972). *See also Sharp v. Tom Wood East, Inc.,* 822 N.E. 2d 173 (Ind. Ct. App. 2004). This court is also very disinclined to attempt to wade into the doctrines of waiver and laches as advocated by the defendants here. Those issues smack of equity and this court is generally inclined to the position that those kinds of equitable issues are fact specific and very difficult, if not possible, to deal with under Rule 56, Fed.R.Civ.P.

To be utterly candid, other than its citation of *Woodruff*, this court is having a very considerable difficulty of a following adopting the rationale regarding the four-year statute of limitations beginning on page 10 of the Patrick brief filed June 30, 2006. More

7

particularly, this court is having even greater difficulty in the invitation by this plaintiff to wade into IC Code 26-1-2-302.  Certainly, IC 26-1-2-302 has to be construed in conjunction with IC 26-1-2-719(1) and overall, even in the best of circumstances if there is an issue with regard to an attempt to limit the remedy, the teaching of the Supreme Court of Indiana would seem to imply that such is not something that can be done under Rule 56 here.  *See Rheem Mfg. Co. v. Fhelps Heating and Air Conditioning*, 746 N.E. 2d 941 (Ind. 2001).  This court now **GRANTS** summary judgment as to all claims here that predate September 7, 2001 when this case was first filed in the Elkhart Superior Court.  No issue has been raised here as to the timeliness or validity of its removal to this court.  This court will grant this plaintiff an opportunity to attempt to breathe life and all claims that were filed here on or after September 7, 2001, and will give this defendant a further opportunity to argue for the exclusion of claims under the one-year provision in the document originally provided by AlliedSignal.  This court does not like piece meal solutions, but this case rather invites it.  Further, a separate order is entered with regard to a settlement conference with the magistrate judge.

**IT IS SO ORDERED**.

**DATED:** September 5, 2006

                                                    **S/ ALLEN SHARP**
                                                    **THE HONORABLE ALLEN SHARP**
                                                    **JUDGE, UNITED STATES DISTRICT COURT**